# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GIRO – WARRANTY HOUSE INTERNATIONAL, INC., an Oklahoma corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 11-CV-501-GKF-PJC ) |
| MALAYSIAN AIRLINE SYSTEM BERHAD, a foreign business corporation, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the court upon the Motion to Dismiss [Dkt. #20] of defendant Malaysian Airline System Berhad ("MAS"). This suit, filed by plaintiff Giro—Warranty House International, Inc. ("WHI"), arises out of an alleged breach of contract by MAS. WHI alleges it had a contract to review the maintenance records and warranty/guarantees for the MAS fleet and to assist MAS in recovering on related claims. WHI was to be compensated with a portion of any value recovered on those claims. WHI allegedly identified potential claims to MAS, but then MAS pursued the claims without WHI and did not compensate WHI.

MAS makes four arguments for dismissal: 1) lack of personal jurisdiction; 2) the contract's forum selection clause; 3) issue preclusion prevents WHI from relitigating the *forum non conveniens* issue, decided by U.S. District Judge John G. Koeltl in the Southern District of New York; and 4) even if the court re-evaluates the *forum non conveniens* question, this case should be dismissed. This court previously postponed discovery in the interest of judicial

economy on the first and fourth grounds for dismissal until the Court addressed the issues of law posed in the second and third grounds. [Dkt. #28].

**I.     Issue Preclusion**

"The doctrine of issue preclusion prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit." *In re Corey*, 583 F.3d 1249, 1251 (10th Cir. 2009). "[I]ssue preclusion attaches only '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment.'" *Id.* "As a general rule, a federal court's determination that a matter should be resolved in a foreign forum precludes all other federal district courts from adjudicating the action. This preclusive effect is abrogated only if a plaintiff demonstrates that the *forum non conveniens* analysis would be materially different in the second federal action." *China Tire Holdings Ltd. v. Goodyear Tire and Rubber Co.*, 91 F. Supp. 2d 1106, 1110 (N.D. Ohio 2000) (citing *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1498 (5th Cir. 1993); *Pastewka v. Texaco, Inc.*, 565 F.2d 851, 853-54 (3d Cir. 1977)); *see also Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149 (1988). Here, differences between the Tenth Circuit and Second Circuit criteria for determining whether to dismiss on *forum non conveniens* grounds are so inconsequential and the factual differences so minor that they cannot overcome the preclusive effect of Judge Koeltl's opinion.

**A. Tenth Circuit Law Governing *Forum Non Conveniens***

Courts in the Tenth Circuit first decide two threshold questions: (1) whether an adequate alternative forum exists where defendant is amenable to process; and (2) whether foreign law applies. If the answer is yes to both questions, the court weighs the private and public interests.

*Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 605-06 (10th Cir. 1998) (citations omitted).

Courts look at several factors relating to relevant private interests:

> (1) the relative ease of access to sources of proof; (2) availability of compulsory process for compelling attendance of witnesses; (3) cost of obtaining attendance of willing non-party witnesses; (4) possibility of a view of the premises, if appropriate; and (5) all other practical problems that make trial of the case easy, expeditious and inexpensive.

*Id.* at 606. And courts consider several public-interest factors:

> (1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their place of origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity cases tried in a forum that is familiar with the governing law.

*Id.*

### B. Second Circuit Law Governing *Forum Non Conveniens*

The Second Circuit follows a three-step framework, which requires: "(1) determining the degree of deference to be afforded to the plaintiff's choice of forum; (2) examining whether an adequate alternative forum exists; and (3) balancing the private and public factors enumerated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)." [Dkt. #20-2, p.64].

The Second Circuit requires the court to weigh the degree of deference given to the plaintiff's choice of forum at the outset of the inquiry, in part by examining the motives for filing. *E.g. Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2nd Cir. 2001) ("the more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons— such as attempts to win a tactical advantage resulting from local laws . . . or the inconvenience and expense to the defendant resulting from litigation in that forum-the less deference the plaintiff's choice commands and, consequently, the easier it becomes for the defendant to

succeed on a *forum non conveniens* motion"). The Second Circuit also requires a finding that an adequate alternative forum exists.

Courts in the Second Circuit then consider several factors relating to relevant private interests:

> (1) the relative ease of access to sources of proof; (2) the convenience of wiling witnesses; (3) the availability of compulsory process for attaining the attendance of unwilling witnesses; and (4) the other practical problems that make trial easy, expeditious and inexpensive.

[Dkt. #20-2, p.71-72 (citing *Gulf Oil*, 330 U.S. at 508; *Aguinda v. Texaco, Inc.*, 303 F.3d 470, 479 (2d Cir. 2002)]. And courts consider several public-interest factors:

> (1) court congestion; (2) avoiding difficult problems in conflict of laws and the application of foreign law; (3) the unfairness of imposing jury duty on a community with no relation to the case; and (4) the interest of communities in having local disputes decided at home.

*Id.* at 74 (citing *Gulf Oil*, 330 U.S. at 509; *Aguinda*, 303 F.3d at 480].

**C. The Tenth and Second Circuit Law Governing *Forum Non Conveniens* Are Substantively Similar.**

WHI argues that issue preclusion does not apply to the *forum non conveniens* issue here because 1) this court applies a significantly different *forum non conveniens* analysis than did Judge Koeltl, and 2) the material facts underlying the analysis are different than those facing Judge Koeltl.

Both Circuits apply the same legal principals. Even WHI admits the applicable criteria is the same. [*See* Dkt. #25, p.2 ("this Court must apply the same objective criteria"); Dkt. #33, p.12 ("Judge Koeltl applied the same objective criteria to be used by this Court in assessing the public and private factors")]. Both circuits derive their analysis from the governing Supreme Court precedent, and ultimately conclude with the same balancing test originally outlined in *Gulf Oil*, 330 U.S. 501.

The Second Circuit requires courts to weigh the degree of deference given to the plaintiff's choice of forum. While not required under Tenth Circuit law, courts in the Tenth Circuit have looked at those issues when balancing private and public factors. *See Alpine Atlantic Asset Mgmt. AG v. Comstock*, 552 F. Supp. 2d 1268, 1282 (D. Kan. 2008) ("Alpine filed suit in Kansas precisely because it wishes to avoid Swiss secrecy laws . . . . But, Alpine's ability to benefit from American discovery rules is not the type of 'convenience' with which the *forum non conveniens* doctrine is concerned"); *Interfab, Ltd. v. Valiant Industrier A/S*, 1998 U.S. Dist. LEXIS 23716 at *25 (N.D. Okla. 1998) ("where an American plaintiff chooses to conduct business in a foreign country and then complains of wrongful acts occurring primarily in that country, the plaintiff's ability to rely on citizenship as a talisman against forum non conveniens dismissal is diminished"). Thus, both Circuits consider a plaintiff's purpose for choosing a forum.

Both Circuits also consider whether foreign law may apply. Although Judge Koeltl was not explicitly required to determine whether foreign law applies, he addressed the likelihood that English law controlled, and he weighed it as part of the non-exhaustive list of public and private factors considered by the Supreme Court. Particularly in this case, where the contract clearly indicates that English law governs disputes, the Circuits' approaches do not materially differ.

And the private and public factors considered are almost identical and are derived directly from controlling Supreme Court caselaw. *See Gulf Oil*, 330 U.S. at 508-09. While there "may be some minor differences between the law of the [Second] Circuit and the law of the Tenth Circuit on *forum non conveniens,* any such differences are inconsequential." *Meijer v. Qwest Commc'ns Int'l, Inc.*, 2010 WL 1348668 at *3 (D. Colo. 2010). The law applied by the Southern District of New York and by this court is "driven largely by law established by the

United States Supreme Court." *Id.* And here, Judge Koeltl held that the case could not properly be brought in any United States federal court: "[t]he plaintiffs cannot reasonably claim that the action should be brought in the United States, or more specifically New York." [Dkt. #20-2, p.72]. Judge Koeltl further held that: "courts in the United Kingdom or Malaysia are more appropriate and convenient fora for adjudicating this controversy." *Id.* at 76; *cf. Meijer*, 2010 WL 1348668 at *3 (denying issue preclusion where first court held its decision "does not necessarily mean that this action may not be maintainable in another federal district").

The minor factual differences which would arise in an Oklahoma *forum non conveniens* analysis rather than in a New York analysis are neither dispositive nor material. Although Judge Koeltl did not explicitly consider a transfer of the case to Oklahoma, his *forum non conveniens* ruling had national scope. While WHI is a resident of Oklahoma, "[t]he central issues in this case are what MAS did in Malaysia and whether MAS was paid for claims that it submitted." [Dkt. #20-2, p.73]. That WHI may have performed most of its services from Oklahoma is of marginal import because "[i]t is plain that the events truly at issue in this case occurred in Malaysia, and most of the witnesses with knowledge of those events are located in Malaysia, or possibly England and Thailand." *Id.* at 72. The lack of availability of compulsory process with respect to key witnesses in Malaysia is a significant problem in both New York and Oklahoma. Though some of WHI's witnesses are located in Oklahoma, the "great majority . . . are employed by or affiliated with the plaintiffs" and thus could be produced by WHI abroad. *Id.* at 73. Although WHI would not have to travel to litigate a suit here, most of the important witnesses and documents would need to be transported from abroad. Oklahoma residents would be called upon to adjudicate a claim related to an Oklahoma company, but would be asked to apply

English law to a contract which was negotiated in Malaysia and where the alleged breach occurred primarily in Malaysia. These minor factual differences are not material.

These same parties already litigated the same *forum non conveniens* issue. The dispute was resolved by a valid final judgment that necessarily depended on the *forum non conveniens* analysis. Though some minor differences exist between the *forum non conveniens* analysis applied by the Second Circuit and the Tenth Circuit, those differences are not sufficient to overcome the preclusive effective of Judge Koeltl's opinion. Because this court is bound by issue preclusion to dismiss this case on *forum non conveniens* grounds, it does not reach the question of interpreting the forum selection clause.

WHEREFORE, the Motion to Dismiss [Dkt. #20] of defendant Malaysian Airline System Berhad is granted.

Insofar as this court does not interpret the *forum non conveniens* clause, plaintiff's Motion to Disregard the Declaration of Stephen Philip Moverley Smith QC [Dkt. #36] and plaintiff's alternative Motion for Leave to File Rebuttal [Dkt. #37] are denied as moot.

DATED this 5th day of September, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT